TERRITORY OF OKLAHOMA, *ex rel.*. W. E. BURROUGHS, *et al.*,
v. W. H. YATES, *et al.*

(Filed September 6, 1906.)

COUNTY SEATS—Removal—Washita County. The removal of the
county seat from Cloud Chief, in the county of Washita, to the
town of New Cordell is legalized by act of congress approved
March 3, 1906.

(Syllabus by the Court.)

*Original Action in Mandamus.*

*Virgil M. Hobbs,* and *Strang & Devereaux,* for plaintiff
in error.

*Wisby & Tibbets. T A. Edwards, J. W. Smith* and *Massingale & Shean,* for defendant in error.

Opinion of the court by

HAINER, J.:    This is an original proceeding in mandamus, to compel the defendants to restore the county seat to
Cloud Chief, in the county of Washita, Oklahoma, from
which place it was removed to the town of New Cordell, after
the question had been submitted to a vote of the qualified
electors of said county and duly carried, and the county seat
ordered removed, in accordance with the provisions of the
statutes of Oklahoma.

It is contended by the plaintiff that the act of the legislature of Oklahoma is void, for being in conflict with the

30—Vol. 17

act of congress prohibiting the removal of county seats, and hence the removal of the county seat is void.   Since the submission of this case, the congress of the United States, on March 3, 1906, passed the following act legalizing the removal of said county seat:

"*An Act Legalizing the Removal of the County Seat of Washita County, Oklahoma Territory.*

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled: That the action of the majority of the electors of Washita county, Oklahoma Territory, as determined by an election held on the seventh day of August, *anno Domini,* nineteen hundred, for the purpose of removing the county seat of said county from the town of Cloud Chief to the town of New Cordell, in said county, be, and the same is hereby, in all things ratified and confirmed, and the county seat of said county is hereby declared to be at the said town of New Cordell."

This, in our opinion, settles the controversy, and makes it unnecessary to pass upon the questions presented.

The peremptory writ is denied, and the cause is dismissed at the costs of the plaintiff.

All the Justices concurring.